## MOORE *et al v.* SEMPLE *et als.*

No errors can be assigned, which this Court will notice, on an instrument not embodied in the statement on appeal, or a bill of exceptions.

The omission of the words " be sold " in a judgment of foreclosure, after the description of the premises, is a mere clerical error, which will not affect the judgment.

APPEAL from the District Court of the Fifteenth Judicial District, County of Colusa.

This was an action brought to obtain a decree of foreclosure upon note and mortgage, and a sale of the mortgaged premises.

Semple and five others made a joint and several note, payable to Moore & Allen on the fourteenth day of July, 1856. Afterward, Semple executed a mortgage to secure the payment of the note, and further agreed to pay attorney's fees. Moore & Allen brought a joint action on these instruments, and Semple filed a demurrer for several grounds. But, before the trial, a stipulation in writing was entered into between the plaintiffs and all the defendants, that a joint judgment should be rendered against all the defendants for the principal, interest and attorney's fee—the attorney's fee being liquidated, and the amount paid ; the interest also fixed at a different rate, and a different sum on which said interest should be calculated was also agreed upon. This agreement was not embodied in a statement on appeal, nor was there any bill of exceptions setting it forth, showing in what manner the agreement came before the Court below. The agreement simply forms a part of the record sent up without explanation.

The decree of foreclosure after the entry of the judgment against the defendants, proceeded as follows : " And it is further ordered, adjudged and decreed, that the said mortgage be foreclosed, and that the said mortgaged premises, to wit, all the right, title * * of C. D. Semple of, in, and to " (here follows a description of the premises) at the end of which the words " be sold ". were omitted.

The points made by appellants in this Court were :

1st. That the decree differed from the terms of the written agreement of the parties.

2d. The decree is void for uncertainty, in this: it does not direct the mortgaged premises to " be sold."

*D. C. Semple,* in person, for Appellants.

*J. S. Belcher* for Respondents.

FIELD, J., at the April Term, 1858, delivered the opinion of the Court—TERRY, C. J., and BURNETT, J., concurring.

The agreement inserted among the papers forms no part of the record. It is not embodied in any statement or bill of exceptions, and possesses, therefore, no verity upon which any errors can be assigned which this Court can notice. Gates *v.* Buckingham, 4 Cal. 286; Davis *v.* Stratton *et al.,* and Flint *v.* Haight *et al.,* January Term, 1856.

The decree is substantially for the sale of the mortgaged premises. It specifically directs judgment for the amount of the note, the application of the proceeds of sale of the premises to its satisfaction, the disposition of any surplus, and execution for any deficiency. The omission of the words " be sold " after the description of the premises, is a mere clerical error, which does not affect the decree.

Judgment affirmed, with five per cent. damages.