[No. 9,916. In Bank.—March 3, 1885.]

MAMIE TAPE, AN INFANT, BY HER GUARDIAN AD LITEM, JOSEPH TAPE, RESPONDENT, v. JENNIE M. A. HURLEY ET AL., APPELLANTS.

PUBLIC SCHOOLS—CHINESE CHILDREN ENTITLED TO ADMISSION.—Children between six and twenty-one years of age, of Chinese parentage, who were born and have always lived in the city and county of San Francisco, are entitled to admission into the public school of the district in which they reside. And teachers are not justified in excluding them, notwithstanding a resolution of the Board of Education purports to command them so to do.

ID.—PROCEEDING TO COMPEL ADMISSION—DEFENDANT.—The teacher of a public school is the only necessary defendant in a proceeding to compel the admission thereto of a child unlawfully excluded.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The respondent, through her guardian *ad litem*, applied to the appellant Hurley, the principal of one of the public schools of the city and county of San Francisco, for admission therein. The respondent is a Chinese child, and because of this fact Miss Hurley, acting in obedience to a resolution of the board of education of the city and county of San Francisco, refused to admit her as a pupil into the school. A writ of mandate was then sued out against Miss Hurley, A. J. Moulder, superintendent of public instruction, and the members of the board of education, individually. The Superior Court dismissed the writ as to the members of the board of education, and ordered it to issue against Miss Hurley and A. J. Moulder. From such judgment the appeal was taken. The further facts are sufficiently stated in the opinion of the court.

*H. G. Platt*, for Appellants.

*William F. Gibson*, and *Sheldon G. Kellogg*, for Respondent.

SHARPSTEIN, J.—The main question in this case is whether a child " between six and twenty-one years of age, of Chinese parentage, but who was born and has always lived in the city and county of San Francisco," is entitled to admission in the public school of the district in which she resides.

The language of the code is as follows:

" Every school, unless otherwise provided by law, must be

open for the admission of all children between six and twenty-one years of age residing in the district ; and the board of trustees, or city board of education, have power to admit adults and children not residing in the district, whenever good reasons exist therefor. Trustees shall have the power to exclude children of filthy or vicious habits, or children suffering from contagious or infectious diseases." (Political Code, § 1667.)

That is the latest legislative expression on the subject, and was passed as late as 1880. Prior to that time the first clause of the section read, " Every school, unless otherwise provided by special statute, must be open for the admission of all *white* children between five and twenty-one years of age, residing in the district."

As amended, the clause is broad enough to include all children who are not precluded from entering a public school by some provision of law ; and we are not aware of any law which forbids the entrance of children of any race or nationality. The legislature not only declares who shall be admitted, but also who may be excluded, and it does not authorize the exclusion of any one on the ground upon which alone the exclusion of the respondent here is sought to be justified. The vicious, the filthy, and those having contagious or infectious diseases, may be excluded, without regard to their race, color or nationality.

This law must be construed as any other would be construed. " Where a law is plain and unambiguous, whether it be expressed in general or limited terms, *the legislature should be intended to mean what they have plainly expressed,* and consequently, no room is left for construction." (*Fisher* v. *Blight*, 2 Cranch, 358, 399.) " When the law is clear and explicit, and its provisions are susceptible of but one interpretation, its consequences, if evil, can only be avoided by a change of the law itself, to be effected by legislative and not judicial action." (*Bosley* v. *Mattingly*, 14 B. Mon. 73.) This rule is never controverted or doubted, although perhaps sometimes lost sight of. In this case, if effect be given to the intention of the legislature, as indicated by the clear and unambiguous language used by them, respondent here has the same right to enter a public school that any other child has. It is not alleged that she is vicious, or filthy, or that she has a contagious or infectious disease. As the legis-

lature has not denied to the children of any race or nationality the right to enter our public schools, the question whether it might have done so does not arise in this case.

We think the superintendent of schools was improperly joined as a defendant in this action, and that the court properly dismissed the action as to the board of education. In *Ward* v. *Flood*, 48 Cal. 36, the action was against the teacher alone. That it was properly brought, seems to have been conceded.

The board of education has power " to make, establish, and enforce all necessary and proper rules and regulations *not contrary to law*," and none other. (Stats. 1871–2, p. 846.) Teachers cannot justify a violation of law, on the ground that a resolution of the board of education required them to do so.

The judgment must be modified, so as to make the writ run against the defendant Hurley alone.

In other respects it is affirmed.

Thornton, J., Myrick, J., McKee, J., McKinstry, J., Ross, J., and Morrison, C. J., concurred.