THE STATE, EX REL. EMIL KIRCHGESSNER v. THE BOARD OF HEALTH OF HUDSON COUNTY ET AL.

1. An ordinance of the board of health of the county of Hudson provides that no person shall practice the profession of a physician without having first presented to the board for inspection " the proper certificate or diploma of his graduation from some reputable school or college of medicine or surgery," and writing in his own handwriting in the book of registry his name, place of residence and date and place of graduation.  *Held*, that the board was by this by-law required to examine and decide the question whether a diploma presented was within the requirements of the ordinance, and having decided, *mandamus* will not lie to review the judgment or determination of the board.

2. *Mandamus* proceeding has not the quality of a writ of error to revise and overturn faulty judgments, and the evidence of fact upon which the judgment of the subordinate tribunal was based will not be looked into for the purpose of determining whether the conclusions drawn from it were correctly or incorrectly found.

---

On rule for *mandamus*.

The relator seeks a *mandamus* to compel the board of health and vital statistics of the county of Hudson to admit him to sign the register of physicians and surgeons practicing in said county, as provided by ordinance.

On the 6th day of June, 1888, the board adopted a body of ordinances, of which the one hundred and thirteenth section is involved in this controversy.

The passage of this ordinance is admitted to be under legislative authority. The relator has not practiced as a physician in this state, but he holds a diploma from a medical school or college bearing the name of the " Medical and Surgical College of New Jersey." This institution has, or had, its location at 47 Montgomery street, in Jersey City.

The relator had the first diploma issued by this institution, a copy of which he filed with the county clerk, and exhibited the original to the board of health and demanded permission to sign the register of physicians as provided for under the ordinance. The board refused him permission to register, the ground for such refusal being that, in its judgment, the diploma presented by him was not from a reputable school or college of medicine and surgery, within the meaning of the ordinance.

Testimony was taken under the rule granted for that purpose, and it was directed almost entirely to the inquiry whether or not the institution awarding the relator his diploma was a reputable school or college of medicine and surgery.

The section is as follows :

" 113. No person shall, in the county of Hudson, pursue the calling or practice the profession of a physician without having first presented to this board for inspection the proper certificate or diploma of his graduation from some reputable school or college of medicine or surgery, or his license under the laws of this state to practice medicine within the same, and satisfying said board that he is the identical person named in said certificate, diploma or license ; and on said board being satisfied, writing in his own handwriting in a book of registry

provided for that purpose at the office of this board his name, place of residence and date and place of graduation ; and any person or persons offending against any of the provisions of this section shall forfeit and pay a penalty of one hundred dollars."

Argued at February Term, 1891, before Justices KNAPP and REED.

For the rule, *Roderick B. Seymour.*

*Contra, H. W. Winfield.*

The opinion of the court was delivered by

KNAPP, J.    The writ of *mandamus* is not of right.    The allowance of its use rests in judicial discretion.    It is rarely issued to a subordinate body or tribunal for the purpose of directing the particular judgment that shall be given by such tribunal, or directing an act to be performed in a specified manner.    It is only so used when the act to be done is a ministerial one merely, and the duty to perform it in a definite way is clear.    *Benedict* v. *Howell,* 10 *Vroom* 221 ; *Mooney* v. *Edwards,* 22 *Id.* 479.

The writ which the relator seeks is of this character, and before it can be awarded at his instance he must make it manifest that the duty of respondent in respect to relator's admission to sign the register provided for is clear and imperative and in its exercise without choice or discretion.

The respondent is a public body with power to pass ordinances respecting the public health.

The parties to this proceeding have treated the ordinance in question as a valid by-law passed upon sufficient legislative authority.    If it were otherwise, the relator could gain nothing in his suit by a successful attack upon it.    The right that he claims has no possible basis without it.    The registry system is solely the creature of the ordinance, the provisions of which are incapable of severance.    Evidently the relator's

standing will pass from him if the system of registry provided by the ordinance be not upheld. If, then, the ordinance does not open to all comers the right to subscribe their names in this registry, but declares and establishes in the board the right and duty of determination and judgment respecting the persons who shall be allowed to record their names in it, the relator cannot have redress by *mandamus,* even though the board in passing upon his claim has erred in its conclusion respecting his qualifications and suitableness to be enrolled in the board's registry.

*Mandamus* proceeding has not the quality of a writ of error to revise and overturn faulty judgments, and the court will not, and cannot, in this course of law, look into evidence of fact upon which the judgment of the subordinate tribunal was based for the purpose of determining whether the conclusions drawn from it were correctly or incorrectly formed.

It is a fault to have burdened this record with the volume of testimony taken to show, on the one hand, that the corporate body issuing the relator's diploma was a respectable institution of medical and surgical instruction, and on the other, to prove that it was without standing and entitled to no credit. It is quite obvious, I think, that the court could not in this proceeding, with any propriety, be called upon to consider and decide that question.

If, as relator contends, holding a diploma was the sole requisite in showing his right to sign the registry, then nothing more was needed than proof of the existence of the diploma. It is equally clear that if the facts and opinions furnished appropriate matter for the board to have considered in forming a necessary judgment, this court will not here consider such facts and opinions for the purpose of revising such judgment.

The case, as before remarked, must turn upon the question whether, under the ordinance, the admission of relator to enrollment was in anywise within the discretion of the board. Under the ordinance the registry of applicants is made an incident merely to and conditioned upon the more substantial

provision "that no person shall, in Hudson county, pursue the calling or practice the profession of physician" without first producing the designated diploma or certificate; that is, one eminating from some reputable school or college of medicine and surgery. As a condition precedent to the right to enroll, such certificate must be presented. The ordinance does not provide that a mere form of certificate or diploma issued by any school or college of medicine and surgery will suffice. The requirement is that it be from a reputable school or college.

Are all schools of medicine and surgery reputable? The by-law implies that all are not so. Then, if one from a reputable school or college only will meet the requirement, it beeomes a matter to be determined in any given case in some forum whether the diploma or certificate presented by the person applying to practice in the county is from a reputable school or college.

The by-law does not in express terms declare with whom rests the duty of decision in this matter, but it seems quite obvious that, in the absence of other provisions for that purpose, of necessity it is within the body that must act upon it, viz., the board of health, &c. With the duty of decision goes necessarily the right and duty of inquiry and investigation.

As already stated, if trial and decision be a duty of the board, we cannot in this proceeding hear parties in complaint of the methods used in such investigation.

I conclude it to be quite clear that the board was by this by-law required to examine and decide the question whether the diploma presented was within the requirements of the ordinance, and after having decided, this court cannot by *mandamus* review the determination and judgment which the board formed, or the evidence upon which it proceeded to its judgment, and on this ground we think the *mandamus* should be refused.

Another reason is suggested why this *mandamus* ought not to go that is not without force. An act was passed in 1890 entitled "An act to regulate the practice of medicine and

surgery, to license physicians and surgeons and to punish persons violating the provisions thereof." By this act a board of examiners is created in the state, having the power to·examine and license those desiring to practice medicine and surgery in this state. It requires all persons, after the passage of the act, commencing the practice of medicine and surgery, in any of its branches, in this state, to apply to said board of examiners for license to do so. The board has convenient and frequent meetings for such examinations. It is extremely questionable, to say the least, whether the relator could now or hereafter pursue the calling or profession of physician and surgeon in this state without first obtaining a license from the board so constituted.

We think the writ of *mandamus* should be refused.