ESTATE OF ANTONIO SPINETTI, DECEASED.
[No. 13,106; decided February 19, 1894.]

Grandparent—Promise to Support Grandchild.—The law imposes no duty on a grandfather to provide for his grandchild, and his promise to do so is without consideration, and cannot be enforced against his estate.

Family Allowance.—A Grandchild whose mother is living is not entitled to an allowance from the estate of his deceased grandfather.

J. M. Burnett and E. D. Sawyer, for the motion to dismiss.

Sullivan & Sullivan, opposed.

COFFEY, J. Antonio Spinetti died, leaving four adult children, and one minor child named William Spinetti. The petitioner is one of the adult children, and is the mother of Antonio Demartini, for whose benefit the petition is filed by her. The child Antonio was born in the house of Mr. Spinetti, and lived in the house of his grandfather from his birth until the death of Mr. Spinetti. When Mrs. Ghiglieri obtained a divorce from Demartini (the father of the child), Mr. Spinetti promised he would provide for the child, and did so from that time. As he did not like the name of Demartini, the child was called Antonio Spinetti at his request.

The property of heirs at law, devisees and legatees can only be taken from them to discharge an obligation for which their ancestor or testator was legally bound, or which is imposed by the law.

On the death of any person his property descends to his heirs at law, or to his legatees and devisees, subject to the burdens imposed on it by law. Courts do not give the property of one man to another, unless there is some legal obligation calling on them to do so. While a man may be generous and do what he pleases with his own while living, the moment he dies the rights of others accrue, and those rights courts will not deprive them of, except where the law imposes an obligation in favor of one upon the other. The law enforces legal, and not merely moral, obligations. Therefore, if Mr.

Spinetti was under no legal obligation to support his child, the property of respondents should not be taken for that purpose.

Mr. Spinetti was under no legal obligation to support his grandson.

We look in vain to the laws of this state for any provision requiring a grandfather to support a grandson, when both parents are living, and where neither has been shown to be infirm or incapacitated in any way. On them, and not on him, is the burden imposed. We may as well search for a provision allowing a grandchild to inherit "through an ancestor who is not dead." Nor can the alleged promise to support the child avail the petitioner. The promise, if any were made, was not to be performed within one year, and to be of any force must have been in writing: Code Civ. Proc., sec. 1973.

There was no consideration for the promise.

There was no benefit accruing to the promisor, nor was there anything valuable flowing from the promise: Violett v. Patton, 5 Cranch, 142, 3 L. ed. 61; Civ. Code, secs. 1605, 1606.

Suppose Mr. Spinetti had refused to support this child, could the child have sustained an action compelling him to perform the agreement? Where was the consideration to support such a promise? The court would have held the promise was merely gratuitous, and imposed no legal obligation on Mr. Spinetti.

But to go further, and stand upon the promise itself, Mr. Spinetti, the decedent, as the case now stands, only promised he would provide for the child. This duty, even conceding one existed, only continued during his lifetime. There was no valuable or good consideration, which would make the agreement bind his heirs or executors, or impose any obligation on his estate.

As Antonio Demartini is a grandchild, and his mother is living, he is not entitled to an allowance from the estate of his grandfather.

The power to make a family allowance did not exist at common law. This court, sitting in probate, derives its authority from the statute, and to the statute, then, the court must look for that authority.

Section 1464, Code of Civil Procedure, provides that when a person dies, leaving a widow or minor children, the widow or children are entitled to an allowance for their support until letters are granted and the inventory returned. Section 1465 says that the court may, on the return of the inventory, set apart the property exempt from execution, and the homestead, to the surviving husband or wife or the minor children. Section 1465 provides if the amount set apart be insufficient for the support of the widow and children, a further allowance may be made. As the two preceding sections had specially mentioned minor children as those to whom property was set apart, the word children here must refer to minor children.

Section 1468 provides that when property is set apart, one-half of it must go to the minor children and one-half to the surviving husband or wife; but if there be no surviving husband or wife, then all goes to the minor children.

Section 1469 provides that when the estate is under $1,500, it all goes to the widow and minor children.

We look in vain over these provisions of the statute to find any provision for a minor grandchild whose parent, through whom he claims descent, is living.

Words are to be construed according to the context and approved use of the language: Code Civ. Proc., sec. 16. There is scarcely a word plainer than "child" in our language. But it is always in connection with "widow" or "surviving husband." When a person dies leaving a "widow" or "minor children," says section 1464. Webster defines child as "a son or daughter; a male or female descendant in the first degree, the immediate progeny of parents." He also defines grandchild as a "son's or daughter's child." The meaning of these terms in the law is plain and unambiguous, and the legislature is presumed to have meant what was said. There is no room for construction: Tape v. Hurley, 66 Cal. 474, 6 Pac. 129, and cases cited therein.

Now, whose widow is mentioned in the statute? Certainly the widow of the decedent, not the widow of a son. Whose children are mentioned? The children of the decedent, not those of anyone else.

The right to a probate homestead would depend on the construction of these provisions of the statute. If the contention of petitioner be tenable, then this child would be entitled to have a share in a homestead to be set apart by this court. Yet this will not be seriously contended for.

While discussing the statute, the fact is of importance to note that Mr. Spinetti left a minor child, for whom an allowance has already been made, and this brings the case directly within both the letter and spirit of the law.

Section 963 of the Code of Civil Procedure gives the right of appeal from an order making an allowance for a widow or child. The section shows, by placing "widow" and "child" together, that the legislature, when it used the word "child," meant child, and nothing else.

Motion to dismiss granted.