## GRACE G. NILES v. THE ORANGE TRAINING SCHOOL FOR NURSES.

Argued February 28, 1899—Decided June 12, 1899.

A writ of *mandamus* should not be awarded to compel a training school, organized under the Charitable Institutions act of March 9th, 1877, and its supplements (*Gen. Stat.*, *p.* 1686), to issue to a pupil a diploma certifying that she has completed, with credit, a two years' course of instruction and practice in the institution, when, in the judgment of the proper authorities of the school after fair investigation, she has not with credit completed such a course.

On rule to show cause why a *mandamus* should not issue.

Before Justices DIXON and LUDLOW.

For the relatrix, *William D. Daly.*

For the defendant, *William Read Howe* and *Edward M. Colie.*

The opinion of the court was delivered by

DIXON, J. This case comes before us on a rule directing the Orange Training School for Nurses to show cause why, a *mandamus* should not issue, commanding that institution " to deliver over forthwith the diploma of graduation from said school granted to and belonging to the relatrix, Grace G. Niles."

The rule can legally be disposed of on the ground that, according to the proofs, no such diploma was ever granted to the relatrix.

But the case seems to have been conducted throughout as though the rule was for a *mandamus* requiring the school to grant such a diploma, and it may, therefore, be not improper to consider it on that basis.

The diploma claimed is one certifying that the relatrix has completed, with credit, a two years' course of instruction and practice in the institution, and has passed a satisfactory examination before the examining committee of the medical staff of the Orange Memorial Hospital, with which the training school is connected.

According to the rules and practice of the school, candidates are first received on probation for a month or two; if that proves satisfactory, they enter into contract with the school for a period of about two years. Then, the first year of this period is spent chiefly in the school and hospital, where the candidates are expected to become qualified for the duties of a nurse; the second year is spent in nursing the sick, away from the hospital and school, but under responsibility to the school, and during this service the candidates are expected to demonstrate their actual usefulness in nursing. Success in learning is tested by oral examinations; success in practice is tested by the reports from patients and from

physicians in charge, which, if at all unfavorable, are investigated by the school's committee on nurses. On the recommendations of this committee diplomas are granted or withheld.

It is conceded that the relatrix properly passed her oral examinations, but it is shown that, during her second year's service, and an additional three months' service granted to her for further trial, unfavorable reports as to her usefulness in nursing were sent in by her patients and the attending physicians, which, after full and impartial investigation by the committee, led that committee to the conclusion that she had not completed her course of *practice* with credit.

In performing this duty, the committee was exercising a *quasi*-judicial function which cannot be controlled by *mandamus*, save for the purpose of securing its honest exercise within settled legal principles. *Kirchgessner* v. *Board of Health*, 24 *Vroom* 594.

The testimony before us raises no doubt as to the proper and faithful discharge of duty by the committee in the present case.

It would be absurd for this court to command the school authorities to certify that the relatrix had completed her course with credit, when, after full and fair consideration, those authorities have reached the conclusion that she has not done so.

The rule to show cause is discharged.