(January 24, 1907.)

## W. J. SHERBURNE et al., Respondents, v. BOARD OF DENTAL EXAMINERS, Appellant.

[88 Pac. 762.]

REGISTRATION OF DENTAL PRACTITIONERS—POWERS AND DUTIES OF BOARD OF DENTAL EXAMINERS.

1. Under the provisions of sections 1 and 4 of the dental law of 1899 (Sess. Laws 1899, p. 387), every person was entitled to registration and a certificate authorizing him to continue in the practice, who was engaged in the practice of dentistry within this state on the date when the law went into effect, upon filing with the board an affidavit showing such fact.

2. Filing the affidavit required by section 4 of the dental law is not sufficient to entitle the applicant to registration if he was not in fact engaged in the practice of dentistry within the state at the time the law went into effect.

3. The board of dental examiners has the power and authority to make investigation and ascertain whether an applicant for registration was in fact engaged in the practice of his profession in this state at the. time the dental law went into effect, and if they find that he was not, it becomes their duty to refuse to register such applicant.

4. ID.—The ascertainment of such fact is more in the nature of determining a jurisdictional fact than that of determining the qualifications of the applicant, and involves no peculiar or professional learning or knowledge.

(Syllabus by the court.)

APPEAL from' the District Court of the Third Judicial District for Ada County. Hon. Geo. H. Stewart, Judge.

Respondents commenced an action to secure a writ of mandate to compel the board of dental examiners to register them and issue certificates to that effect, entitling them to practice dentistry within this state. From a judgment and order in favor of the applicants the board appealed. *Reversed.*

J. J. Guheen, Attorney General, and Frank Martin, for Appellant.

It seems absurd and in violation of all ideas of law and justice that a man may gain any right by fraud or by making a false affidavit, or that a public board, whose duty it is to act under the law, does not necessarily have the power, by implication, to ascertain whether or not it is being imposed upon by an applicant.

It must be admitted that, if the state board of dental examiners had the power to investigate this matter, then its answer states facts sufficient to constitute a defense, and that the action of the district court in sustaining plaintiff's demurrer to the answer was erroneous, and should be reversed. We have been unable to find any case where this identical question has been passed upon by the courts, but questions

similar in principle have frequently been before the courts for decision. (*People v. Dental Examiners,* 110 Ill. 180; *State ex rel. Williams v. Board of Medical Examiners,* 93 Tenn. 619, 27 S. W. 1019; *Barmore v. State Board of Medical Examiners,* 21 Or. 301, 28 Pac. 8.)

"A physician whose residence and principal place of business is in another state, but who visits cities in this state and others, at stated intervals, in the practice of a specialty, treating patients in his room in a hotel, is not entitled to register as a practitioner." (*Evans v. State Board of Health,* 19 R. I. 312, 33 Atl. 878.)

Respondents in their petition show that in 1903 and 1904 they made applications to the board for registration, but as the time had expired under which, by the provisions of the act, they could register, these applications would be of no avail. (*Battles v. Board of Registration in Dentistry,* 16 R. I. 372, 17 Atl. 131.)

A. A. Fraser, for Respondents.

If the statute was silent upon the question in what manner the applicant should show that he was engaged in the practice of dentistry at the date the act took effect, then, by implication, the court might very properly say that that question was left to the state dental board to be decided by them on such evidence as would be satisfactory; but the statute in this case expressly provides that this fact shall be shown by the sworn statement of the applicant; hence the matter is not left to the discretion of the board.

The rule in cases of this kind is stated in the case of *Van Vleck v. Board of Dental Examiners of California* (Cal.), 48 Pac. 223, 44 L. R. A. 635.

The language of our statute is mandatory. After filing the required statement, the statute then says that the applicant shall receive a certificate, etc. Where a statute requires certain things to be proven in a method provided by statute, and the statute has been complied with, then and in that event the functions of the board are ministerial only,

and no discretion is vested in it. This is a fundamental principle, and no case can be found to the contrary.

AILSHIE, C. J.—The respondents commenced this action in the district court to secure a writ of mandate compelling the dental board of examiners to register the respondents and issue to them certificates entitling them to practice dentistry within this state. The board answered the complaint and the plaintiffs demurred to the answer, and the demurrer was sustained and the peremptory writ was thereupon issued. This appeal is from the judgment and order. The application for registration was made under the provisions of the act of February 16, 1899 (Sess. Laws 1899, p. 387), entitled "An act to insure the better qualification of practitioners of dental surgery, and to regulate the practice of dentistry in the state of Idaho." Section 1 of this act provides: "It shall be unlawful for any person who is not at the time of the passage of this act engaged in the practice of dentistry in this state, to commence such practice unless he or she shall have obtained a certificate as hereinafter provided." Section 2 provides for a board of examiners "whose duty it shall be to carry out the purposes and enforce the provisions of this act." Section 4 of the act provides as follows: "Within three months after the time this act takes effect, it shall be the duty of every person who is now engaged in the practice of dentistry in this state to cause his or her name and residence or place of business to be registered with the said board of examiners, who shall keep a book for that purpose. The statement of every such person shall be verified under oath before a notary public or justice of the peace. Every person who shall so register with said board as a practitioner of dentistry, shall receive a certificate to that effect, and may continue to practice as such without incurring any of the liabilities or penalties provided in this act, and shall pay to the board of examiners for each registration the fee of two dollars," etc. The act contained an emergency clause, and accordingly went into effect on the sixteenth day of February 1899. Plaintiffs al-

lege that they came into the state of Idaho on the eighth day of February, 1899, and thereupon opened a dental office· at the city of Idaho Falls, and that on the sixteenth day of February they made application under oath in accordance with the provisions of section 4 of the act of registration, for the issuance of certificates to them entitling them to ·practice within the state, and that they thereafter filed such application with the board and that the board refused to register them or to issue to them certificates. The board answered denying that the plaintiffs were practicing dentistry within this. state on February 16, 1899, the date on which the act went into effect, or that they had been doing so prior to that date. The board admits that the applicants filed the oath and application required by law. As a further and separate defense the board alleged that after receiving the affidavits and applications of the petitioners they made an investigation and examined witnesses to ascertain whether the applicants were in fact engaged in the practice within the state of Idaho at the time the dental law went into effect, and that from their investigation and examinations they ascertained that they were not engaged in the practice of their profession in this state at such time. It is further alleged that the petitioners by arrangement "with one Edward Beaudette, who was in Boise City prior to the sixteenth day of February, 1899, the plaintiffs, who were then actually practicing their profession in the town of Anaconda, state of Montana, ·were notified by the said Beaudette that the governor of the state of Idaho would sign and approve said law on or about the said sixteenth day of February, 1899, and that upon receiving said information previously arranged for, the plaintiffs came to the town of Idaho Falls in the state of Idaho, in attempting to make it appear that they were actually residing in the state on that date. That while in Idaho Falls on said sixteenth day of February, 1899, the said plaintiffs were informed that the governor of Idaho had approved said law, that they immediately executed their said affidavits set out in the petition of the plaintiffs herein, and on the same day left the state, returning to

Anaconda, Montana, and resumed the practice of their pro-
fession at said place, and from that place on the twenty-
seventh of April 1899, mailed to the secretary of said state
dental board of examiners the said affidavits set out in plain-
tiffs' petition herein, and defendants state upon information
and belief that the said plaintiffs never returned to the state
of Idaho until in the summer of 1903." The trial court held
that these facts did not constitute any defense to the plain-
tiffs' action, and accordingly sustained a demurrer to the
answer.

Under the dental law every person who was actually en-
gaged in the practice of dentistry within this state at the
time the same went into effect was entitled to be registered
and receive a certificate to that effect upon furnishing the
board a written statement verified by his oath showing that
he was in fact a person entitled to practice under the pro-
visions of the act. All other persons were required to pass
an examination as provided by section 5 of the act. In the
case of applicants for registration who were practicing in the
state at the time the law went into effect, the board had no
duty or discretion in the matter of determining the qualifi-
cations of the applicant. The law deemed every person who
was at the time so engaged qualified to continue the practice
and impliedly authorized him to do so on furnishing the neces-
sary proof within three months after the act went into effect.
Furnishing the affidavit, however, to the effect that an ap-
plicant was entitled to registration under section 4, *supra,*
was not the vital and decisive fact entitling him to register.
That was only intended as written evidence of the actual
existence of the fact it purported to show. The vital and
essential fact which was necessary to exist was that the ap-
plicant should have been "engaged in the practice of den-
tistry in this state" at the time of the passage of the act.
If he was not in fact so engaged, an affidavit stating that
he was would not entitle him to registration. It was in-
tended, however, that such affidavit should constitute suffi-
cient evidence of the fact to justify the board in registering
him and issuing a certificate to that effect. While the board

was not in so many words given the power to make investigation and ascertain whether or not the affidavit was true or false, nevertheless, the clear purpose and intent of the entire act is necessarily an implied grant of such authority. The power of the board to ''carry out the purposes and enforce the provisions'' of the act and the clear and unmistakable purpose of the act to prohibit the registration of anyone who was not in fact engaged in the practice of dentistry at the time the act went into effect, are within themselves a clearly implied grant of authority to ascertain the real existence of the facts entitling the applicant to register. (*People v. Dental Examiners*, 110 Ill. 180; *State v. Board of Health*, 53 N. J. L. 594, 22 Atl. 226; *Williams v. Board of Dental Examiners*, 93 Tenn. 619, 27 S. W. 1019; *Evans v. State Board of Health*, 19 R. I. 312, 33 Atl. 878.) The law would be a farce in that respect if it were intended to make it obligatory on the board to register every person who might file an affidavit stating that he was engaged in the practice of dentistry on the sixteenth day of February, 1899, if they knew that affidavit was untrue. The fact entitling an applicant to register under this provision of the law is more in the nature of a jurisdictional question to be determined by the board before registering the applicant than one of a *quasi* judicial discretion. If he was not engaged in the practice of dentistry at the time of the passage of the act, then the board would have no jurisdiction or authority to register him. The determination of this fact differs widely from the determination by the board of the qualifications of an applicant who takes an examination, because in the latter instance the board must bring to bear its professional knowledge and exercise professional and official discretion. In this case the fact to be determined does not require any professional skill or knowledge, and might as well be determined by any other board, body or officer. The petitioners in drawing their complaint recognized the necessity of pleading and proving that they were engaged in the practice of dentistry within the state on the sixteenth day of February, 1899, and they accordingly pleaded such fact,

and they also pleaded a compliance with the statute in furnishing the board evidence showing the existence of the essential facts. When the board denied those facts and pleaded a contrary state of facts, an issue was joined, and unless the applicants could establish in a legal way the existence of the facts pleaded, they were not entitled to a writ directing their registration. We have no doubt but that the answer of the defendant board was sufficient to form an issue on the material and vital allegations in the complaint, and the demurrer should have been overruled and the facts at issue have been determined. The judgment is reversed and the cause remanded, with directions to the trial court to overrule the demurrer to the defendants' answer. Costs awarded in favor of the appellant board.

Sullivan, J., concurs.