[L. A. No. 7292. In Bank.—April 25, 1923.]

J. C. WILMON, Respondent, v. TEOFILO E. AROS et al., Appellants.

FREDERICK SMITH, etc., Respondent, v. TEOFILO E. AROS et al., Appellants.

[1] BOUNDARIES — ACTIONS TO DETERMINE—FINDING—EVIDENCE—AP- PEAL — RECORD — JUDGMENT—PRESUMPTION.—In actions actually brought for the purpose of having certain boundaries of the lands of the respective plaintiffs, concerning all of which there is a dispute between the two plaintiffs on the one side and the defendants on the other, fixed and determined by means of monu- ments and marks located on the ground, the judgment and finding in favor of plaintiffs as to the location of certain range lines, boundaries, and corners will be sustained on appeal upon the pre- sumption that the trial court decided correctly upon all the evi- dence before it, where certain exhibits admitted in evidence and consisting of maps, government plat, copy of field-notes and sur- veys were not properly incorporated in the bill of exceptions and were not authenticated in the manner provided by law, therefore forming no part of the record on appeal, and the bill of excep- tions does not set out all the evidence, leaving the appellate court uninformed upon what record the lower court acted.

[2] ID.—FINDINGS — EVIDENCE.—In such actions, assuming the ex- hibits to have been properly authenticated as part of the record on appeal, still the findings are sufficiently supported by the evi- dence.

[3] ID.—LOCATION OF MONUMENTS AND LINES—DUTY OF COURT.—In such actions, where the surveyors did not locate certain monuments in the same place and all trace of some of the monuments had disappeared and the exact places where they were erected could not be positively identified, it was the duty of the trial court to ascertain, as near as might be, where the monuments were set by the government surveyors, and from the records of the official survey and the evidence as to the present conditions and positions of natural objects to locate the lines and corners of the sections and the boundary lines of the property in controversy at points where they will best accord with the natural objects described in the field-notes as being about the monuments found to exist on the ground, and in a manner least inconsistent with the government surveys, notes, and plats.

APPEALS from judgments of the Superior Court of San Bernardino County. Rex B. Goodcell, Judge. Af- firmed.

The facts are stated in the opinion of the court.

Thomas T. Porteous for Appellants.

Swing & Wilson for Respondent.

WASTE, J.—Two causes are affected by this appeal. The respective plaintiffs and respondents each brought an action against the same defendants to quiet title to what appear to be adjoining pieces of land. Each, for a second cause of action, alleged his ownership of the respective parcels of land, that certain boundary line fences existed, and that the defendants wrongfully entered, taking possession and ousting plaintiffs, and destroyed certain portions of the fence, to the damage of the plaintiff, in each case alleged to be in the sum of five hundred dollars. By appropriate denials the defendants tendered issues on all of these matters. The actions were actually brought for the purpose of having the north and east boundaries of the plaintiff Wilmon's land, the south boundary of one portion and the east boundary of another portion of plaintiff Smith's land, concerning all of which there is a dispute, between the two plaintiffs on the one side and the defendants on the other, fixed and determined by means of monuments and marks located on the ground. These boundaries can only be determined by fixing and locating the original corners and lines which are applicable to the lands of both plaintiffs, and the testimony as to the surveys made to fix those corners and lines applies to both tracts of land. It was, therefore, stipulated in the court below that the two actions be tried together and the testimony applied to both cases. On submission separate findings and judgments were made. The plaintiffs prevailed, and the defendants have appealed.

The only point made by the appellants is that the evidence is insufficient to justify the finding of the trial court as to the location of certain range lines, boundaries, and corners, and that certain other original monuments set by the United States government surveyor are not now in place and cannot now be identified. [1] For two reasons the judgment must be affirmed. There were introduced and admitted in evidence in the court below certain exhibits. These include a map of the lands in controversy, made by the

county surveyor of San Bernardino County prior to the
trial, a copy of government plat filed by the surveyor-general from field-notes in his office, copy of the field-notes and
surveys of the property certified to by the surveyor-general
of the United States, and a map of the township in which
the property lies. These exhibits were not properly incorporated in the bill of exceptions and were not authenticated
in the manner provided by law. They, therefore, form no
part of the record on appeal. (*Moore* v. *Semple,* 11 Cal.
360.) The bill of exceptions does not set out all the evidence and we are uninformed upon what record the court
acted. The judgment must, therefore, be affirmed upon the
presumption that the court below decided correctly upon all
the evidence before it. (*Gates* v. *Buckingham,* 4 Cal. 286;
*Miller* v. *Dailey,* 136 Cal. 212, 220 [68 Pac. 1029].)   [2]
Assuming the exhibits to have been properly authenticated
as part of the record on appeal, we should still be of the
opinion that the findings are sufficiently supported by the
evidence. The testimony of thirteen witnesses, found in
nearly one thousand folios, was almost entirely directed to
the location of the descriptive lines and corners of the
property and physical objects thereon. Four competent civil
engineers and surveyors of many years' experience gave precise and technical descriptions of surveys of the lands made
by them. The witnesses did not all agree in many particulars concerning the lines and corners of the property. The
surveyors did not locate certain monuments in the same
place. All trace of some of the monuments has disappeared,
and the exact places where they were erected cannot now be
positively identified.

The rule governing the duty of the trial court in such
cases is so well expressed by this court in the two decisions
in *Weaver* v. *Howatt,* 161 Cal. 77 [118 Pac. 519], and 171
Cal. 302 [152 Pac. 925], that it is only necessary to refer to
those cases, which present facts in many instances parallel to
the case at bar.   [3] It was the duty of the trial court to
ascertain, as near as might be, where the monuments were set
by the government surveyors, and from records of the official
survey and the evidence as to the present conditions and
positions of natural objects to locate the lines and corners·
of the sections and the boundary lines of the property in
controversy at points where they will best accord with the

natural objects described in the field-notes as being about the monuments found to exist on the ground, and in a manner least inconsistent with the government surveys, 'notes, and plats.

With all the evidence in the case before it, the trial court was satisfied as to the proper location of the lines in dispute, and its conclusions are reflected in the findings.

It is ordered that the judgments appealed from be, and each is, affirmed.

Myers, J., Kerrigan, J., Lawlor, J., Lennon, J., Seawell, J., and Wilbur, C. J., concurred.