[Civ. No. 3639. Third Appellate District.—December 28, 1928.]

FRED HILTSCHER, Appellant, v. CHARLES CECIL WAGNER et al., Respondents.

H. V. Weisel and Thomas L. McFadden, for Appellant.

Head, Rutan & Scovel and Swing & Wilson for Respondents.

TUTTLE, J., *pro tem.*—This is an action to quiet title and to establish the boundary line between the lands of appellant and respondents. The appeal is prosecuted from a judgment rendered in favor of defendants. The complaint is in the ordinary form to quiet title to the north half of the southwest quarter of section 36, township 2 south, range 9 west, S. B. B. & M., said property being shown on map of Hiltscher tract, which is recorded in San Bernardino County. The answer denies any interest in said land except as to the east 384 feet of the property described in the complaint, and sets up additional defenses of agreed boundary line and adverse possession.

At the commencement of the trial it was stipulated that plaintiff was the record owner of the north half of the southwest quarter of said section as shown by government survey, and that defendants were the owners of the southeast quarter of said section, and that each party had, for some twenty years past, paid all taxes due on his respective parcel. It was further agreed that defendants, in approximately 1906, erected a dividing fence between said tracts, and have maintained it ever since, and claim everything east of it, and have so claimed for the past fifteen or twenty years. The land in dispute is a strip some 1300 feet long and 384 feet in width, and located between the legal subdivisions mentioned. The evidence shows that this strip was fenced in by defendants some twenty years ago, and has been in their possession ever since. They have erected valuable improvements thereon, and have cultivated a large portion of the same.

The case of the plaintiff rests entirely upon a survey made by his engineers. It is, so far as he is concerned, an engineering proposition. His testimony establishes the cor-

ners of said legal subdivisions in such a manner as to include said strip within his tract, which is the north half of the southwest quarter of the section. On the other hand, defendants' engineers locate the corner of said legal subdivisions in such a manner as to place the said strip within the southeast quarter of said section. In other words, it is a clear case of conflicting evidence in the matter of the establishment of the said corners, and it would be a palpable invasion of the fact-finding province of the trial court were we to interpose with our views upon the weight of the evidence adduced. ■ It is contended by appellant that the trial court resorted to the wrong method in fixing said corners; that this is not a case where the original monuments were lost, and hence, the court was bound to fix the same in accordance with the testimony of his engineers, who claimed to have found some of the original monuments set by the government surveyor. But here, again, we are met with a conflict in the evidence. Defendants' engineers testified they could not find or see such monuments, and the trial court found with them upon that issue, and we are bound by that finding. The corners were fixed by defendants' engineers, by re-establishing them in accordance with the natural objects described in the field-notes, and found to exist upon the ground, and which were least inconsistent with the distances mentioned in said notes and the plat of the government survey. (*Weaver* v. *Howatt*, 171 Cal. 307 [152 Pac. 925]; *Weaver* v. *Howatt*, 161 Cal. 86 [118 Pac. 519].) "It was the duty of the trial court to ascertain, as near as might be, where the monuments were set by the government surveyors, and from records of the official survey and the evidence as to the present conditions and positions of natural objects to locate the lines and corners of the sections and the boundary lines of the property in controversy at points where they will best accord with the natural objects described in the field notes as being about the monuments found to exist on the ground, and in a manner least inconsistent with the government surveys, notes, and plats." (*Wilmon* v. *Aros*, 191 Cal. 80 [214 Pac. 962].) The trial court found that the said fence was upon the line dividing the legal subdivisions which it was stipulated each of the parties owned. In other words, the trial court left the parties in the same position that they had maintained for some twenty years, so far as fence lines and actual pos-

session were concerned. It is contended by appellant that if the corners established by the court are allowed to stand, it will change the boundary lines of San Bernardino, Orange, and Los Angeles Counties. ▉ The probable effect of a judgment, upon third parties, is not a legitimate basis for an argument addressed to a trial court, and much less so to an appellate tribunal. It is a practice not to be commended, and which we believe should not be indulged in.

Appellant construes the judgment as depriving him of a strip of land 768 feet in width. This is not the effect of the judgment, as we construe it. The judgment specifies that the fence line is the west boundary of the lands of the defendants. This gives defendants title to the disputed strip 384 feet in width, and no more. It leaves the boundary line between the parties just as it has been for the past twenty years. If there be any ambiguity about the judgment, a reference to the pleadings would show without question that the only issue was as to the ownership of a strip of land 384 feet in width. The point is without merit.

Findings upon the question of adverse possession and an agreed boundary line are attacked, but we do not deem it necessary to pass upon these matters. The judgment is amply supported by the findings upon the question of the location of the section lines which we have discussed.

We are satisfied that the trial court reached a conclusion which resulted in a just disposition of the matters presented, and, accordingly, the judgment is affirmed.

Finch, P. J., and Hart, J., concurred.