WILLIAM R. MESTICE, RELATOR, v. CLARENCE W. PARTCH, AND THE TRUSTEES OF RUTGERS COLLEGE IN NEW JERSEY, RESPONDENTS.

Argued December 11, 1937—Decided December 16, 1937.

Before Justice PARKER, sitting at chambers.

In *pro per, William R. Meslice.*

For the respondents, *Douglas M. Hicks.*

PARKER, J. The application is for a writ of *mandamus* requiring the authorities of Rutgers University at New Brunswick, in this state, to award to the relator "the bachelor science in education, or the master of art degree, or both, and to allow him to continue his educational ambition at the aforesaid university, should he so prefer," and for further relief. The foregoing is the language of the petition.

The relator applied to me some time ago *ex parte,* and by mail, for a rule to show cause in this matter and was advised that under the somewhat unusual circumstances he should make his application orally and on notice. This he has done, and the matter was heard at the Essex county court house on Saturday, December 11th, 1937. As it transpired on the argument, the application is really not as broad as stated in the language of the petition. As I understand the matter, the relator desires to take what is usually described as a post graduate course in one of the departments, that of educational science I think, and as a preliminary qualification to be admitted to that course he presented certain credentials with regard to his prior education, and which he claimed qualified him for admission to graduate study in education. The regulations of the university in this regard as taken from the official pamphlet issued by the university are as follows:

"To be admitted to graduate study the student must submit credentials showing that he holds a bachelor's degree in arts, sciences, letters, philosophy or its equivalent from an institution approved by a regional accrediting agency or by the Association of American Universities, or from a four-year teacher-training college approved by the American Association of Teachers Colleges. Students from institutions not approved by the above accrediting agencies may be admitted providing they possess a bachelor's degree based upon not less than one hundred and twenty-eight semester hours of work and pass successfully a qualifying examination consist-

ing of a psychological test and an English test of standard form."

It appears, without possibility of successful contradiction, that the relator does not hold any degree within the purview of the first sentence above quoted. As to whether he was qualified under the second sentence, the affidavits show beyond peradventure that the authorities of respondent corporation concluded to the contrary, but to do complete justice in the matter submitted relator's credentials to the office of education, department of the interior, at Washington, and were definitely advised that based on those credentials he was not qualified. The court is now asked to consider these matters *de novo,* to adjudge that the college authorities came to a wrong decision, and to override that decision by a writ of *mandamus.*

Such is not the function of this prerogative writ. In *Kirchgessner* v. *Board of Health,* 53 *N. J. L.* 594 (at *p.* 597), the Supreme Court said: "*Mandamus* proceeding has not the quality of a writ of error to revise and overturn faulty judgments, and the court will not, and cannot, in this course of law, look into evidence of fact upon which the judgment of the subordinate tribunal was based for the purpose of determining whether the conclusions drawn from it were correctly or incorrectly formed."

And in *Niles* v. *Orange Training School,* 63 *N. J. L.* 528, a case quite similar on the facts, the same court said (at *p.* 530), that certain reports as to the relator, "after full and impartial investigation by the committee, led that committee to the conclusion that she had not completed her course of practice with credit.

"In performing this duty, the committee was exercising a *quasi*-judicial function which cannot be controlled by *mandamus,* save for the purpose of securing its honest exercise within settled legal principles. *Kirchgessner* v. *Board of Health,* 24 *Vr.* 594."

There is no suggestion in the papers of bad faith; and there was none at the argument. Rutgers College is an ancient institution of higher learning; and in the case of

such institutions the duly constituted authorities thereof are, and of necessity must be, the judges of the qualifications of candidates for admission to their courses. Their judgment is immune to *mandamus* except as qualified by the cases above quoted.

The application for an alternative writ, or failing this, for a rule to show cause, is denied, with costs.