[Civ. No. 456.   Second Appellate District.—August 16, 1907.]

## T. R. TAYLOR et al., Petitioners, v. DANA BURKS et al., Respondents.

Mandamus—Parties—Official Action of Municipal Board—Disincorporation of City—Insufficient Petition.—A petition for a writ of mandate to compel individuals, who are members of the board of trustees of a municipal corporation of the sixth class, to rescind the action of the board fixing a remote date, fixed by statute for the election for trustees, as the date of voting for the disincorporation thereof under an application of taxpayers, and to compel the board to order an election for that purpose, is insufficient. Such action can only be taken by the board of trustees as such, and the board is a necessary party defendant, and demurrers to the petition for not running against the board must be sustained.

ID.—DILATORY ACTION OF BOARD NO EXCUSE TO MANDAMUS.—The dilatory action of the board in fixing the date of the election for disincorporation at so remote a time cannot be urged in a proper proceeding against the board, as such, as an excuse why a writ of mandate should not issue directing the board of trustees to perform a plain, express duty provided by the statute.

PETITION for writ of mandate to members of board of trustees of Ocean Park.

The facts are stated in the opinion of the court.

John D. Pope, for Petitioners.

W. H. Anderson, and Anderson & Anderson, for Respondents.

TAGGART, J.—Application for writ of mandate to compel defendants as members of board of trustees of city of Ocean Park to call an election to vote upon the disincorporation of that city, and to fix a date for such election within a reasonable time.

The petition sets out that the city of Ocean Park is a municipal corporation of the sixth class governed by a board of trustees composed of five persons; that the defendants are three of such trustees and that the other two, as petitioners are informed and believe, have *tendered* their resignation as members of said board; that petitioners as electors, owners of property and taxpayers in said city of Ocean Park, on the twenty-fourth day of June, 1907, filed with said board of trustees a petition signed by a majority of the qualified electors of said city, requesting said board of trustees to submit to the electors of said city the question whether said city should disincorporate; that no action was taken on said petition until July 22, 1907, at which time said board of trustees, by the affirmative vote of all of the defendants, called said election and ordered the same to be held April 13, 1908, which date is the same day fixed by law for the regular election of trustees in cities of the sixth class.

For return to the order to show cause, the defendants demur severally to the petition and file a joint answer. In support of the demurrers it is contended that the proceeding is improperly brought in this, that it runs against the de-

fendants as individuals and not officially, and that the board of trustees as such is the only party competent to act in the premises, and that it is the action of the board of trustees that is required in making the order desired. The prayer of the petition is that the defendants be "commanded to rescind the action of the board" fixing April 13, 1908, for the date of the election, and "to order an election." Neither of these things can be done by the individual members of the board.

The act which a court may, by writ of mandate, compel a tribunal, corporation, board, or person to perform is one which the law specially enjoins, as a duty resulting from an office, trust or station. (Code Civ. Proc., sec. 1085.) The statute under which the proceedings to disincorporate are taken (Henning's Gen. Law, p. 989) reads (sec. 1) : "A municipal corporation of the sixth class may disincorporate after proceedings had as required in this act. The council, the board of trustees, or other legislative body of such corporation shall, upon receiving a petition therefor . . . submit the question," etc.

While the petition alleges, upon information and belief, that the other two members of the board tendered their resignations at the same time the action was taken as to calling the election, it nowhere appears that such resignations were accepted, or that the other two did not participate in the action taken, or that they are not now actual active members of the board.

Jurisdiction of the board of trustees may be acquired by the service of the writ upon a majority of the members of the board (Code Civ. Proc., sec. 1096), and punishment may be inflicted personally upon any member of the board refusing or neglecting to obey the writ or order of the court (Code Civ. Proc., sec. 1097), but these very statutory provisions and distinctions appear to accentuate the necessity of the proceeding being against the board. This is entirely in accord with the weight of the authorities displayed under the subhead "Board or Members," title "Mandamus," 13 Encyclopedia of Pleading and Practice, page 650, cited by petitioners. We gather the gist of this matter as declared by the text-writer in the Encyclopedia to be, that, primarily, the proceeding should be against the board and the individual members need not be named, but the better practice is in most cases to name the individual members, although not necessary to do so; that there are exceptional cases in which the disobedience of the

board is due to the action of certain individual members of the board, in which case such members must be expressly made defendants, the reason therefor appearing in the petition for the writ.

In *Barber* v. *Mulford,* 117 Cal. 358, [49 Pac. 207], the practice is stated to be as follows: "While with us the more general practice in *mandamus* has been to proceed against the officials only, who as representatives of a body politic have refused performance of some duty owed to the plaintiff or relator, yet there seems no good reason why their principal, the legal entity which is commonly the real party to be affected by the writ, may not be joined as a defendant in the proceeding; though seldom a necessary party, it cannot in a case like the present be called an improper one." In that case the body had acted allowing the claim, but an order had been drawn on the wrong officer. · It was the duty of the president and secretary of the board to draw the order. The board was made a respondent in the *mandamus* proceeding, and it ·was held to be a proper though not necessary party. As said in the opinion: "No question is made as to the legality of the plaintiff's demand audited by the board, or as to the propriety of the action of that body in allowing the same." It will thus be seen from the facts of that case that there is nothing in *Barber* v. *Mulford* in conflict with the rule above quoted from the Encyclopedia, and it also will be noted that the term used is "officials," as distinguished from individuals or persons. In some cases it is held that the name of the official alone is necessary and the name of the incumbent of the office is not required to be given. The ordinary rules in civil actions are applicable to pleadings in *mandamus* proceedings except in respect to matters otherwise provided in the chapter under that head. (Code Civ. Proc., sec. 1109; *People* v. *Board,* 27 Cal. 655; *Jones* v. *Board,* 141 Cal. 96, [74 Pac. 696].)

While the petition is insufficient for the reasons given, we cannot forbear saying in response to the argument of respondents presented as a justification for the fixing of the date of the election at so remote a time, that this appeals to us as a much better reason to be offered to the voters of the city of Ocean Park why they should not vote for disincorporation at present than to this court as an excuse why a writ of mandate should not issue directing the board of trustees to per-

form a plain express duty provided by statute. The method of delay, whether by dilatory action in the board or setting the election for a remote date, under the rule declared in *Glencoe* v. *People,* 78 Ill. 382, appears to be immaterial. We take it that the law declared in that case is applicable here.

That the matter may be heard effectively upon its merits, it is deemed best that the demurrers be sustained for the reasons above indicated. Demurrers sustained.

Allen, P. J., and Shaw, J., concurred,