[Civ. No. 1950.   First Appellate District.—February 28, 1917.]

J. G. FOLEY, Respondent, v. CITY OF OAKLAND (a
Municipal Corporation), Appellant.

MUNICIPAL CORPORATIONS—CITY OF OAKLAND—ABOLITION OF CLERK-
SHIPS AND OFFICES—POWER OF COUNCIL—CONSTRUCTION OF CHAR-
TER.—The general power vested in the council of the city of Oak-
land by section 31 of its charter (Stats. 1911, pt. II, p. 1551) to
create and abolish clerkships and offices is not abridged in so far as
those persons are concerned who were in the employment of the
municipality on September 1, 1910, by the provision of section 80,
declaring that persons employed by the city on that date may re-
tain their employment, subject to classification and reclassification
by the civil service board, without further examination, unless re-
moved for cause, or unless it shall be determined by the civil ser-
vice board that their employment by the city is unnecessary.

APPEAL from a judgment of the Superior Court of Ala-
meda County.   Everett J. Brown, Judge.

The facts are stated in the opinion of the court

Paul C. Morf, City Attorney, and W. H. O'Brien, Deputy
City Attorney, for Appellant.

Charles A. Beardsley, for Respondent.

KERRIGAN, J.—This is an appeal by the defendant from
an adverse judgment.   The case involves the proper con-
struction of certain provisions of the charter of the city of
Oakland.

The facts of the case may be summarized as follows: The
city of Oakland is a municipal corporation governed by a
freeholders' charter (Stats. 1911, pt. II, p. 1551).   The
health department is under the direction of a commission of
public health and safety.   Ordinance No. 350, N. S., created
the position among others of assistant sanitary inspector in
that department.   The plaintiff was in the employ of the
city on September 1, 1910, and was appointed to said office
of assistant sanitary inspector.   On July 20, 1915, said ordi-
nance was repealed by Ordinance No. 885, N. S., with the
consequent abolition of the position held by the plaintiff.

Section 31 of the charter (found at p. 1575 of the statutes of 1911) provides: "The council shall have the power by ordinance to create, consolidate and discontinue offices, deputyships, assistantships and employments other than those prescribed in this charter . . . and also the method by which any office, deputyship, assistantship or employment . . . shall be declared vacant." Section 39 of the charter (Stats. 1911, p. 1577) reads: "The council shall be the governing body of the municipality. It shall exercise the corporate powers of the city, and, subject to the *express* limitations of this charter, shall be vested with all powers of legislation in municipal affairs adequate to a complete system of local government consistent with the constitution of the state." The act of a city council in abolishing an office is an exercise of legislative power (*Downey* v. *State,* 160 Ind. 578, 582, [67 N. E. 450]; 5 R. C. L. 614). There is no express provision in the charter limiting the legislative power of the council to create or abolish offices or positions other than that contained in that part of section 31 above quoted; in fact it is not contended that the city council has not the general power to create and abolish clerkships and offices. Respondent's position is based on the latter part of section 80 of said charter (Stats. 1911, p. 1605), which section, after enumerating the employees of the city excepted from the civil service provisions of that act, reads: "Provided, that persons employed by the city . . . on September 1, 1910, may retain their employment under the city, subject to classification and reclassification by the civil service board without further examination, unless removed for cause or unless it shall be determined by the civil service board that their employment by the city is unnecessary." Respondent argues that while the city council may have the general power to abolish offices, such power, under the above-noticed portion of section 80, is vested in the civil service board so far as those persons are concerned who were in the employment of the municipality on September 1, 1910.

We think this position cannot be maintained. The civil service board is given power to determine that an employee is unnecessary, and it may perhaps remove him and leave the office vacant but still existing; but the provision of the charter conferring this power falls far short of depriving the city council of its authority to abolish the office itself. On Sep-

33 Cal. App.—9

tember 1, 1910, the date referred to in section 80 of the charter, the board of freeholders were engaged in framing the present organic act; and doubtless it was deemed expedient not only to give the persons who were at that time in the employ of the municipality civil service standing without examination, but also to subject them to removal only for cause or upon a showing that their employment was unnecessary, instead of leaving them, as are other civil service employees, subject to removal by the heads of the different departments of the city, with a right to appeal to the civil service board. But the charter did not go further in this behalf; and section 80 thereof does not give to the civil service board the power to abolish offices, such power being lodged only in the council.

The judgment is reversed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 29, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 26, 1917.