## INGHRAM v. UNION STOCK YARDS CO. OF OMAHA, Limited.
### No. 9392.

Circuit Court of Appeals, Eighth Circuit.
March 21, 1933.

Eugene D. O'Sullivan, of Omaha, Neb. (Charles J. Southard and Frank S. Howell, both of Omaha, Neb., on the brief), for appellant.

Norris Brown, of Omaha, Neb. (David A. Fitch and Ralph M. West, both of Omaha, Neb., on the brief), for appellee.

Before STONE, VAN VALKEN-BURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

Appellee brought an action at law against appellant to recover $354.55, claimed to be due it for reweighing charges on live stock dealt in by appellant in the yards of appellee. These charges were assessed under a schedule of charges, the pertinent part of which is as follows:

"In addition to above yardage charges, the following yardage charges will be made for each subsequent weighing of all live stock.

"Cattle, 12c per head

"Calves, 8c per head

"Hogs, 4c per head

"Sheep or goats, 2c per head

"Except, on live stock going to the country no reweigh charge will be made."

The answer of appellant challenged the legality of these charges as being discriminatory, under sections 305 and 307 of the Packers' and Stockyards Act (7 USCA §§ 206, 208); also, that the schedule of charges sought to be enforced was in violation of a ruling by the Secretary of Agriculture known as Docket 6. The defendant prayed that the petition be dismissed and that "the plaintiff herein be required to cease and desist from making the illegal and unlawful charge herein complained of." A reply put in issue the above defenses. A jury was properly waived, the case tried to the court, findings of facts and conclusions stated, and judgment entered in favor of plaintiff for the amount sought. From that judgment this appeal is brought.

The situation revealed by the pleadings and the evidence is that the appellant is engaged in what is known as trading or speculating at these yards. Trading and speculating seems to mean the buying of stock at the yards by the trader and the subsequent resale there by him. The controversy here, apparently, is concerned with cattle. Trading and speculation in cattle involves two classes: Fat cattle (fit for butchering purposes); and stockers and feeders, which are not in that condition. A resale by the speculator of stockers and feeders is, usually, to persons in the country who take the purchases out to the country for fattening and conditioning for fat market purposes. The resales of the fat cattle are usually for butchering purposes, largely to the packers, though sometimes to others.

Formerly, the stockyards had in force a schedule which provided certain charges for stockyards services, which included weighing, with one-half additional added in the case of cattle resold or placed for resale by the traders. This charge resulted in a complaint, investigation, and determination by the Secretary, who ruled that the additional charge was unauthorized and discriminatory and which he ordered canceled. Action seems to have been taken by the stockyards in compliance with that order. This proceeding was known as "Docket 6." Thereafter, the stockyards company made a part of its rate tariff the above-quoted portion upon which the charges here in question rest. The result of this new tariff was to exact a re-weighing charge on the cattle resold by traders and speculators. This second tariff was attacked in a complaint (Docket 208) before the Secretary, a hearing had thereon, and the Secretary determined that this charge was different in character from that involved in Docket 6 and was not discriminatory and unlawful, and an order was entered to that effect. Thereafter, the appellant continued his business at the stockyards, the charges in accordance with the tariff were assessed, he refused payment, and this suit resulted. The full proceedings before and the above orders by the Secretary are made parts of the bill of exceptions.

[1-3] The bald proposition here is as follows: After the Secretary of Agriculture, acting under the Packers' and Stockyards Act, has determined that a particular charge is lawful, can any one subject thereto attack the validity of that charge in a defense to an action for the collection of that charge for services justifying the charge, if legal? This cannot be done. The Packers' and Stockyards Act clearly contemplates control over rates at market yards by the Secretary. The purposes of that control are to compel rates which are reasonable and rates which are not discriminatory. The Secretary is empowered in the first instance to determine what rates are reasonable and what are nondiscriminatory. This is largely a question of fact. The statute has provided no method of judicial review of such determinations by the Secretary. Therefore, the only remedy open to any one dissatisfied with such administra-

tive action is to challenge the fair action of the Secretary. "Fair" is tested by whether the Secretary acted in an arbitrary and unreasonable manner in reaching his conclusion. It is analogous to the power of an appellate court to determine the sufficiency of evidence to support a judgment at law. The courts can go no further than to inquire into two matters: First, whether the Secretary pursued the procedure required by the act; second, whether the Secretary had any substantial evidence before him to support the conclusion represented in his order. But even the determination of this action of the Secretary must be pursued in an orderly manner. The order itself should be challenged by a direct proceeding to enjoin or annul which would, if successful, have the effect of making the order a nullity as to all parties affected by it and for all purposes. Such order cannot be attacked by a defense to collection of charges which are in compliance with an order of the Secretary. To permit this would, in a sense, create a discrimination in favor of such a defendant and against all others who had paid such charges. It is to be noted that the act requires charges, approved by the Secretary, to be made without increase or deduction and a substantial penalty for doing otherwise is provided in the act.

The judgment must be, and is, affirmed.