[Civ. No. 9374. Second Appellate District, Division One.—November 25, 1935.]

FRANK B. HRABAK et al., Appellants, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

William E. Reiley and Arthur C. Fisher for Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and G. Ellsworth Meyer, Deputy City Attorney, for Respondents.

ROTH, J., *pro tem.*—This is an appeal from a judgment entered upon an order sustaining without leave to amend a demurrer to an amended petition for a writ of mandate to compel respondents to reinstate petitioners in the employ of the department of water and power of the City of Los Angeles as linemen.

We ignore defects of pleading which were not cured in the amended petition, and because of which the order sustaining the demurrer without leave to amend might be technically justified as a proper exercise of discretion, inasmuch as a previous demurrer had already been sustained, and proceed to the merits. It appears from a reading of the amended petition that petitioners (seven in number) were first employed as linemen by the department of water and power at various dates, but commencing approximately in the year 1922. They continued in the employ of that department in such capacity until about 1925, when said petitioners, of their own volition and upon their own initiative, took and passed examinations for line foremen. They were promoted and certified to the position of line foremen in the year 1925 and continued in the latter capacity until September 6, 1932, when they were "laid off" for lack of funds and lack of work. The initial point made by petitioners is that they were "laid off" contrary to the provisions of the city charter, specifically section 112 (a) thereof. Petitioners also contend that, since they were linemen before they were line foremen, they retained their civil service seniority as linemen, and therefore that if there was no work for them as foremen, they automatically reverted to their classification as linemen; that the department of water and power must recognize their seniority ranking as linemen as of the date of their original employment in the capacity of linemen; and that if it becomes necessary to discharge or lay off other linemen in order to make room for petitioners, that the department should do so, since petitioners have seniority over such linemen who took up that kind of work subsequent to the date that petitioners commenced to work for the department as linemen.

On the first point petitioners contend that they were not "laid off" in accordance with law for the reason that they were not given a written notice and opportunity for hearing, as required by section 112 (a) of the Charter of the

City of Los Angeles. That section does provide that no person in the classified civil service of the city "shall be removed . . . except for cause, which shall be stated in writing by the board or officer having the power to make such removal, . . . and filed with the Board of Civil Service Commissioners, with certification that a copy of such statement has been served upon the person so removed, . . . " The section then provides for an investigation and hearing of the causes stated in the notice and for reinstatement if not supported by evidence. The section concludes, however, with the following language: " . . . provided, that the order of any appointing board or officer suspending any person *because of lack of funds* in such department *shall be final and shall not be subject to review by said Board of Civil Service Commissioners. . . .* " (Italics ours.)

The petition in the instant matter does not affirmatively allege or even suggest that the cause for the removal was not "because of lack of funds", but, on the contrary, inferentially alleged that the reason was "because of lack of funds". On such facts it has been decided that the notice and hearing required by section 112 (a) is dispensed with by the final proviso of the section itself. (*Kabisius* v. *Board of Playground etc. of Los Angeles,* 4 Cal. (2d) 488 [50 Pac. (2d) 1040].)

It is true that section 112 (a) of the City Charter of the City of Los Angeles gives to the board only the right to "suspend" an employee from the service because of lack of funds. It is not necessary, however, to determine whether a "lay-off" is synonymous with suspension, because in the Kabisius case, *supra,* the notice to the employee used the word "terminate" which is undoubtedly stronger than the phrase "laid off" used in the notice in the instant case, and the Supreme Court said at page 356:

"However, it is contended, inasmuch as the written notice to appellant said his employment was terminated, instead of using the word of the section, to-wit, 'suspended', that appellant was not effectively removed from the service. Aside from the two oral notices we think the letter clearly expresses the intention of the department to remove appellant from the service as an economy measure. In view of the state of the law hereinbefore set forth, we are constrained to hold that no such narrow interpretation of the section can be indulged. The proviso was intended to declare the right of the city to

reduce its forces when such was necessary or advisable as a matter of economy."

It is also clear that there is nothing in the provisions of the city charter which compels the restoration of petitioners to their previous status of linemen. The only pertinent portions of the city charter to which we have been cited are:

"Sec. 107. The board shall by its rules provide for the promotion in such classified civil service on the basis of ascertained merit and seniority in service and examination, . . . in fixing said rating an allowance of credits, to be stated at the time of the announcement of said examination, shall be made for past service. . . .

"Sec. 115. The board shall by its rules provide for the establishment of and govern the keeping of service records of all employees in the classified civil service. Said records may be used as one of the bases for: (a) Promotion . . . ; (b) lay offs, through stoppage or lack of work, . . . "

There is nothing in said sections, and our attention has been directed to no others, and we find none, which compels or even authorizes the civil service commission or department of water and power to reinstate a civil service employee to a capacity or to a status which he had occupied prior to taking and successfully passing an examination for a new classification. As a matter of common sense, if the rule were otherwise, a civil service employee commencing in the lowest grade and by successive examinations attaining one of the highest, could not be discharged if there were work in any of the grades which he had previously occupied that was being done by civil service employees who came into the service after the date he had started in a lower grade.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 19, 1935.