[Sac. No. 5639. In Bank. Nov. 24, 1944.]

ROY S. STOCKTON, Respondent, v. DEPARTMENT OF EMPLOYMENT OF THE STATE OF CALIFORNIA et al., Appellants.

266

Earl Warren, Attorney General, Robert W. Kenny, Attorney General, and John J. Dailey, Deputy Attorney General, for Appellants.

Anthony J. Kennedy and Carl Kuchman for Respondent.

TRAYNOR, J.—From December 13, 1934, until June 14, 1940, petitioner held the position of Chief of the Division of State Employment Agencies, in the classified civil service of the state, with permanent civil service status. This division was originally in the Department of Industrial Relations, but was transferred on July 1, 1936, to the Department of Employment. On June 14, 1940, the California Employment Commission passed a resolution abolishing the division, combining its functions with those of the Director of the Department of Employment, and ordering the lay-off of petitioner. Petitioner's name was retained on the payroll until July 23, 1940, to enable him to receive compensation for his accumulated earned vacation time, and was placed on the lay-off list as of July 23, 1940. The State Personnel Board, on petitioner's appeal to it under section 172(k) of the State Civil Service Act (Stats. 1937, p. 2085, as amended; Deering's Gen. Laws, 1941 Supp., p. 1918, Act 1404) held that the lay-off was improper on the ground that respondents failed to comply with section 172, and ordered petitioner's reinstatement with back salary. Respondents' petition for rehearing was denied. They made no attempt to test the validity of the Personnel Board's order in a judicial proceeding but refused to comply with it. A petition for a writ of mandamus was then filed with the Superior Court of Sacramento County to compel compliance with the board's order. Respondents demurred to this petition on the grounds that it did not state a cause of action and that there was a misjoinder of parties. The demurrer was overruled; the respondents answered; and upon the trial the court made findings in favor of petitioner and entered its judgment that a peremptory writ of mandamus issue directing the reinstatement of the petitioner in accord with the order of the Personnel Board. While the case was pending in the superior court, the Division of Employment Agencies and all employees therein were inducted into the employment of the federal government with civil service status. The Director of the Department of Employment refused to perform the acts necessary to effect petitioner's induction. The superior court's judgment included provisions that the director perform such acts. Respondents appeal from the judgment.

■ Once the decision of the State Personnel Board becomes final because the aggrieved party has failed either to

exhaust his administrative remedies or to seek judicial redress, the courts will not review the merits of the controversy, if the board acted within its jurisdiction, for the decision is then immune from objections in a collateral proceeding. (*Alexander* v. *State Personnel Board,* 22 Cal.2d 198 [137 P.2d 433]; *Menzel Estate Co.* v. *City of Redding,* 178 Cal. 474, 481 [174 P. 48]; *Gurtz* v. *City of San Bruno,* 8 Cal.App.2d 399, 401 [48 P.2d 142]; *Ingraham* v. *Union Stockyards Co.,* 64 F.2d 390, 392.) The question on this appeal therefore is whether the Personnel Board acted within its jurisdiction.

■ Section 172(a) of the State Civil Service Act provides: "Whenever it is necessary because of lack of work or lack of funds or whenever it is advisable in the interests of economy to reduce the staff of any State agency, the appointing power may lay off employees according to the procedure set forth in this act and the rules of the board." Section 172 and rule 16, sections 1-14, of the "Rules and Regulations of the State Personnel Board" adopted pursuant to section 35 of the State Civil Service Act and article XXIV of the California Constitution, prescribe the procedure for the lay-off of employees. Section 172(k) of the State Civil Service Act provides: "Any employee may appeal to the board within 30 days of receiving notice of lay-off on the grounds that the procedure herein prescribed has not been complied with or that the lay-off has not been made in good faith or was otherwise improper. The board shall within 30 days of such appeal hold such hearing or investigation as it may deem necessary. The board may also conduct such hearing or investigation within 30 days of receiving notice of lay-off on its own motion. In rendering a decision as a result of any hearing or investigation held pursuant to this subdivision the board may order the reinstatement of the employee with or without pay if it appears that the proper procedure has not been followed or that the lay-off was not made in good faith or was otherwise improper." Under these provisions the State Personnel Board clearly had jurisdiction to determine whether petitioner's lay-off was improper.

■ Respondents contend, however, that the abolition of the Division of Employment Agencies by the California Employment Commission entailed the abolition of petitioner's position, that his lay-off followed of necessity, and that the

State Personnel Board had no jurisdiction to order his reinstatement to a position that no longer existed. Section 93 of the California Unemployment Insurance Act (Stats. 1935, ch. 352; Deering's Gen. Laws, 1937, Act 8780d) provides: "On July 1, 1936, the Division of State Employment Agencies of the Department of Industrial Relations shall become and remain the Division of State Employment Agencies in the Department of Employment. All persons employed in such division and the records and property thereof shall, upon such change, become the employees, records and property of the Department of Employment. All persons employed in any capacity in such division, shall continue and remain in such capacity in such division after the change, subject to the power of the commission as the governing body of the department to abolish such division, change old divisions or create new divisions, change duties and powers of such division, or impose upon it new and additional powers and duties." The resolution adopted by the California Employment Commission on June 14, 1940, provided in part: "The existing Division of State Employment agencies, as such, (otherwise known as the Division of Employment Service) of the Department of Employment is hereby abolished; and it is hereby ordered that lay-offs shall be made forthwith from the positions of offices of Chief and Associate Chief of said Division. The aforementioned lay-offs are hereby expressly declared to be for the purpose of economy and increased efficiency of operations." It is clear that the California Employment Commission had authority under section 93 of the Unemployment Insurance Act to create, abolish, or recreate divisions from time to time. There is nothing exceptional about such a power, for most state statutes creating departments contain provisions similar to section 93. Moreover, section 350 of the Political Code, a general provision applicable to all departments, authorizes the head of each department, with the consent of the Governor, to consolidate, abolish, or create divisions within the department. The State Personnel Board has no jurisdiction to determine when or under what conditions divisions may be abolished, for the State Civil Service Act contains no provision authorizing it to review the action of a state department in abolishing divisions in the department.

The abolition of a division or position, however, does not automatically separate the employees in the division or

the employee in the position from the state service. The power of a department head to abolish a position is distinct from his power to lay off an employee, just as the creation of a position is distinct from the employment of a person to fill the position. The creation and abolition of divisions or positions within a department are matters of departmental organization. The employment or lay-off of employees relates to the tenure of employees, the classes of positions in the department, the duties to be performed by the individual employees, and the appropriate division of work between classes. The employment of persons to fill positions and their classification are governed by articles 4 and 7 of the State Civil Service Act. The separation of employees from the state service, including their lay-off, is governed by article 9 (§§ 170-173). Section 170 provides that the tenure of a permanent employee holding a position shall be during good behavior and that the employee can be separated from the state service by lay-off, leave of absence, suspension, resignation, removal or retirement. Section 172 covers lay-offs, including lay-offs resulting from the abolition of positions. Subdivision (a) of that section specifically provides for the lay-off of employees whenever it is necessary because of lack of work or funds or whenever it is advisable in the interest of economy to reduce the staff of any state agency ''according to the procedure set forth in the Act and the rules of the Board.'' Subdivision (b) provides that the duties performed by the employee or employees so laid off may be assigned to any other employee or employees in the state agency holding positions in appropriate classes. Subdivision (d) provides that the lay-off shall be made in accordance with the relative efficiency and seniority of the employee or employees of the class in which the lay-off is to be made as determined by seniority and by performance reports on file with the board. Subdivision (e) provides that in the case of abolition of position the employee or employees in the class under consideration having the lowest combined scores for efficiency and seniority shall be laid off up to the number of positions to be abolished. Subdivision (f) provides that when an employee has previously served the state with permanent status in any class below that of the class under consideration or its equivalent in any previous classification, the employee shall be afforded the option of being demoted to the lower

class, in lieu of being laid off, to replace the employee in the lower class having the lowest score for efficiency and seniority if that score is lower than that of the employee being demoted. Subdivision (g) provides that any employee replaced by such demotion who has previously served the state with permanent status in the class or its equivalent in any previous classification below that in which he was serving at the time of replacement shall have the same option of demotion as though his position were abolished. Subdivision (k), quoted above, provides for the appeal by the employee to the personnel board in the event of his lay-off.

█ It is plain from the foregoing provisions that the abolition of a position does not automatically result in the lay-off of the employee holding the position. If he is in the appropriate class of employees to which his duties would be assigned upon the abolition of his position, his efficiency and seniority ratings might be such that not he but some other employee in that class would be laid off. (Section 172(b) (e).) He may elect demotion pursuant to section 172(f), and in any event he is entitled to an appeal to the State Personnel Board to determine whether the prescribed procedure for his lay-off was followed and whether his lay-off was made in good faith and was otherwise proper.

In support of their contention that the abolition of petitioner's position effected his separation from the state service as a matter of law, respondents rely on *Livingstone* v. *MacGillivray*, 1 Cal.2d 546 [36 P.2d 622]; *O'Neill* v. *Williams*, 53 Cal.App. 1 [199 P. 870]; *Foley* v. *City of Oakland*, 33 Cal.App. 128 [164 P. 419]; *State* v. *City of Seattle*, 74 Wash. 199 [133 P. 11]; and *People* v. *Hayes*, 119 N.Y.S. 808. None of those cases, however, involved the application of the State Civil Service Act. They all relate to statutes or city charters providing that no employee shall be removed except for cause, which shall be investigated, and that the employee shall be given the reasons for his suspension and an opportunity to answer them. They do not involve statutes or charter provisions, which, like the State Civil Service Act, prescribe a procedure in the case of separations from the service for reasons of economy. (See 111 A.L.R. 438 and cases there cited including *Kabisius* v. *Board of Playground & Recreation*, 4 Cal.2d 488 [50 P 2d 1040]; *Hrabak* v. *Los Angeles*, 10 Cal.App.2d 383 [51 P.2d 1136].) In contrast to such

provisions, the State Civil Service Act has broadened the protection to state employees by including in the statutory plan, distinct from any procedure concerning discipline, a special lay-off procedure in the event the separation of the employee from the service is occasioned by the abolition of positions or other economy measures.

Section 172(k) of the State Civil Service Act provides that "in rendering a decision as a result of any hearing or investigation held pursuant to this subdivision the board may order the reinstatement of the employee with or without pay, if it appears that the proper procedure has not been followed or that the lay-off was not made in good faith or was otherwise improper." The abolition of a position by the respondents does not affect the State Personnel Board's power to order the reinstatement of the former holder of the position where the duties of his position are still performed but by persons who, according to the classifications made by the board under the State Civil Service Act, are not entitled to perform those duties. The State Personnel Board has exclusive jurisdiction to classify positions in the state civil service. (Cal. Const., art. XXIV, § 2(c); State Civil Service Act, §§ 60-63.) When specifications of a class are adopted, the employee within that class may perform the duties of that class; he may not perform the duties of a different class; nor may an employee who is not in that class perform those duties. (State Civil Service Act, § 114.) In the memorandum of points and authorities filed by the board as amicus curiae at the request of the trial court, the board has set forth that petitioner's position was in a class that required the performance of certain specified duties listed in the complaint. The board takes the position that no other employee could perform those duties and that after the abolition of petitioner's position the duties were illegally performed by other persons, making it necessary for the board to order the reinstatement of petitioner. Whatever the merits of the board's decision, which we do not pass upon in this attack upon its order, it is clear that the abolition of the position did not deprive the board of jurisdiction to order petitioner's reinstatement under section 172(k) of the State Civil Service Act. The board has determined that petitioner's lay-off was improper and that his employment in the state service was

not terminated. ■ Since the branch of the service in which he was employed has meanwhile become part of the federal service, petitioner is entitled under the board's order to be certified to the federal government for induction into the federal service on the basis of his former position.

■ Respondents contend that petitioner cannot have relief by mandamus against the Department of Employment, its executive director, and the other respondents, on the ground that the California Employment Commission, which abolished petitioner's position and instructed the Director of the Department of Employment to order the lay-off, is an indispensable party to the action. Pursuant to section 88 of the Unemployment Act the Employment Commission appointed a Director of the Department of Employment and authorized him "to perform or supervise the performance of all duties required under the Civil Service Act and the rules and regulations of the State Personnel Board with the assistance of the departmental personnel officer." Such an authorization is recognized for the purposes of the Civil Service Act by section 234 thereof providing: "Whenever, by the provisions of this act, a power is granted or a duty imposed upon an appointing power, the power may be exercised or the duty performed by a deputy of the appointing power or by a person authorized pursuant to law by him, unless it is expressly otherwise provided." Under the appointment of the Employment Commission, the director was the head of the Department of Employment vested with all duties relating to the state civil service and was therefore the only necessary party defendant to carry out the order of the State Personnel Board and the order of the court. (See *Barber* v. v. *Mulford,* 117 Cal. 356 [49 P. 206]; *City and County of San Francisco* v. *Linares,* 16 Cal.2d 441 [106 P.2d 639]; *Taylor* v. *Burks,* 6 Cal.App. 225 [91 P. 814]; *Tape* v. *Hurley,* 66 Cal. 473 [6 P. 129]; see, also, *California Securities Co.* v. *State,* 111 Cal.App. 258, 261 [295 P. 583].)

The trial court ordered the allowance of petitioner's full salary from July 20, 1940, with no deduction of remuneration from private or public employment that he may have received since that date. ■ It is settled that a civil service employee who has been unlawfully deprived of his position is entitled to recover the amount of his accrued salary during

the period he is prevented from performing his duties, less the amount he has received from private or public employment during that period. (*State Board of Equalization* v. *Superior Court,* 20 Cal.2d 467, 474 [127 P.2d 4]; *Wiles* v. *State Personnel Board,* 19 Cal.2d 344 [121 P.2d 673]; *Kelly* v. *State Personnel Board,* 31 Cal.App.2d 443 [88 P.2d 264].) The order of the State Personnel Board that petitioner "be granted his salary" from and after July 20, 1940, must be interpreted in the light of this rule. That part of the judgment of the trial court determining the amount of salary due petitioner for the period since July 20, 1940, is reversed, and the trial court is directed to take evidence as to the remuneration received by petitioner from private or public employment after July 20, 1940, and to deduct any amount so received from the monthly salary for the period covered by such employment, and to enter judgment for petitioner for any balance. In all other respects the judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Schauer, J., concurred.

Appellant's petition for a rehearing was denied December 21, 1944. Edmonds, J., voted for a rehearing.