[Civ. No. 5498. Fourth Dist. June 19, 1958.]

CARL C. CALLENDER, Appellant, v. COUNTY OF SAN DIEGO et al., Respondents.

A. L. Wirin, Fred Okrand and Byron F. Lindsley for Appellant.

James Don Keller, District Attorney and County Counsel (San Diego), and Robert G. Berrey, Deputy, for Respondents.

McCABE, J. pro tem.*—Petitioner Callender appeals from a judgment denying a writ of mandate whereby he seeks reinstatement as a permanent civil service employee of the respondent county of San Diego.

Petitioner was employed intermittently by respondent county during the period March 11, 1940, to November 31, 1940, and from January 16, 1941, to May 11, 1954, was employed continuously as a laborer or tree surgeon and later as a park warden in the classified civil service. Having been subpoenaed to appear before a subcommittee of the Committee on un-American Activities of the House of Representatives, United States Congress, petitioner appeared before that sub-

*Assigned by Chairman of Judicial Council.

committee about April 20, 1954. At this hearing questions were asked of petitioner. Certain of these questions he refused to answer, basing his refusal on his rights under the First and Fifth Amendments to the Constitution of the United States. Some of the questions petitioner refused to answer pertained to alleged membership in the Communist Party.

On May 11, 1954, petitioner was removed by the director of public works from his position as park warden at Live Oak for insubordination in that petitioner on April 20, 1954, had refused to comply with an order made April 13, 1954, by the respondent Board of Supervisors of the County of San Diego, and in refusing to perform a duty imposed upon him by section 1028.1, Government Code of the State of California. Petitioner, on May 13, 1954, appealed to the respondent civil service commission, which appeal was heard May 22 and August 12, 1954. Petitioner and his attorney were present at the hearing. Petitioner's evidence was submitted to the respondent commission by way of stipulation. Essentially, the stipulation contained the facts as set forth above but in addition thereto the efficiency ratings of the petitioner were received into evidence. At the hearing before the respondent commission, petitioner was not questioned concerning his political affiliations or whether he was or had been a member of the Communist Party, and no questions were asked which were within the purview of the order of the board of supervisors adopted April 13, 1954 or of section 1028.1 of the Government Code. At the hearing before the respondent commission petitioner expressed his willingness to answer any and all questions which might be addressed to him, but no questions were so addressed. Upon the completion of the hearing and on August 23, 1954, the respondent commission entered its findings and made its decision affirming the order of the director of public works removing petitioner from his position in the classified service of the respondent county. So far as the record is concerned, petitioner took no legal action until November 13, 1956, when he filed his petition for writ of mandate.

Petitioner on this appeal contends that a discharge of an employee under section 1028.1, Government Code, is not justified where the employee has refused on the basis of the First and Fifth Amendments to the United States Constitution to answer questions before a congressional committee but is willing to answer the same questions to his employer. Further, it is contended that if there is such a discharge,

there is a violation of due process of law under the Fourteenth Amendment to the United States Constitution and article I, section 13 of the California Constitution.

Respondents' return and answer to the petition for writ of mandate in addition to general denials sets forth an affirmative defense of laches.

The evidence is in conflict on the point as to whether or not there was an agreement between petitioner's attorney and respondents' attorney to hold in abeyance any further proceedings on this matter until there was a final determination in *Steinmetz* v. *California State Board of Education,* 44 Cal.2d 816 [285 P.2d 617]. The Steinmetz case was pending in the courts of California at the time of the petitioner's hearing before respondent commission. The Steinmetz case was finally determined by the California Supreme Court on July 5, 1955, and certiorari was denied by the Supreme Court of the United States on April 23, 1956.

When there is substantial evidence to sustain the finding of the trial court, such finding will not be disturbed on appeal. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689]; *Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557]. There is substantial evidence to sustain the finding of the trial court that no agreement existed.

At the trial petitioner introduced into evidence a letter dated October 11, 1954, which was addressed to Retirement Board, County of San Diego and, in part, reads as follows: ". . . In so doing I also want to reaffirm my belief that the reason for my dismissal was illegal, and would like it understood that in electing to take deferred retirement I am not prejudicing my right to contest my separation from the county or to seek reinstatement if at a later date the law under which this action was taken is proven unconstitutional." This letter was prepared by his attorney and signed by petitioner.

On May 11, 1956, petitioner requested respondent county to be reinstated. On July 5, 1956, respondent civil service commission advised petitioner that it was without authority to reinstate petitioner. His petition for writ of mandate was filed November 13, 1956, after a lapsed period of over two years.

The defense of laches involves more than the element of delay in pursuing such rights as the law gives. As the court, in *Hayman* v. *City of Los Angeles,* 17 Cal.App.2d 674, 680 [62 P.2d 1047], said:

"But the defense of laches involves much more than the

element of delay. It is not the lapse of time so much as it is the consequences of the delay which goes to make up the defense of laches. Unless prejudice results from the delay the defense is not established, but if prejudice has resulted, the one whose prompt action would have forestalled it can avoid the responsibility only by showing that he sought his remedy promptly. It is to be presumed that where one has been dismissed from an active position in the public service someone else has been chosen to take his place. The work has to be done and it has to be paid for.''

It appears from the date of petitioner's removal an employee of respondent county was assigned to fill the position and did occupy the position until December 6, 1955. By ordinance enacted prior to December 6, 1955, respondent county changed the title of the position formerly held by petitioner from ''Park Warden'' to ''Park Warden I.'' Since December 6, 1955, another employee (permanent park warden since August 3, 1953) has been assigned to the position of Park Warden I at Live Oak. Since that date the employee has performed all of the required duties.

Not only was the respondent county required to and did fill the position left open by petitioner's removal and discharge, but respondent county may be required to pay the salary of petitioner which he would have earned except for his discharge. Petitioner is seeking this compensation in his petition for writ of mandate. The rule as to the compensation which the respondent county might be required to pay is set forth in *Stockton* v. *Department of Employment*, 25 Cal.2d 264 [153 P.2d 741]. In addition to the detriments which respondent county must face by reason of the delay of petitioner, it would have to make such contributions as is required by the County Employees' Retirement Law of 1937 (Gov. Code, § 31450.) Thus, by reason of the delay of petitioner in asserting his rights the respondent county has had to pay the salary of others who performed the duties, and would have to pay such compensation as is found to be due to petitioner and such amounts as the respondent county would have to contribute under the County Employees' Retirement Law of 1937. The respondents would thereby be prejudiced. The rule of laches is founded in sound policy and its application prevents inequity and injustice. In the instant case, the delay was long, unnecessary and unexcused, and the respondents have been prejudiced by the delay and inactivity of the petitioner.

It is not necessary to resolve the remaining contentions

since petitioner has been guilty of laches to the detriment of respondents.

The judgment is affirmed.

Griffin, Acting P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 13, 1958. Carter, J., was of the opinion that the petition should be granted.