[Civ. No. 31071.   Second Dist., Div. One.   Aug. 21, 1967.]

JUDA GLASNER, Plaintiff and Respondent, v. DEPART-
MENT OF PUBLIC HEALTH et al., Defendants and
Appellants.

Phill Silver and Mark P. Robinson for Plaintiff and Re-
spondent.

Thomas C. Lynch, Attorney General, and Mark Lainer,
Deputy Attorney General, for Defendants and Appellants.

WOOD, P. J.—Petitioner is an orthodox rabbi who had
been employed by the defendant Department of Public Health
in the position of kosher food law representative. Pursuant to
the department's proposal that the position be eliminated, the

Governor, in his proposed budget submitted to the Legislature for the fiscal year 1965-1966, recommended that said position, and funds for the salary for said position, be eliminated. The Legislature approved the budget, and the department "laid-off" petitioner (Gov. Code, § 19530.) Petitioner's appeal to the defendant State Personnel Board was dismissed, and he filed a petition, in the superior court, for a writ of mandate compelling the department and the board to reinstate him in the position. The court granted the petition. Defendants (department and board) appeal from the judgement.

Appellants contend that the department properly laid-off petitioner, and that the court erred in issuing a writ of mandate compelling the department and the board to reinstate petitioner.

In 1931, the Legislature enacted section 383b of the Penal Code which provides in part as follows: "Every person who with intent to defraud, sells or exposes for sale any meat . . . and falsely represents the same to be kosher . . . is guilty of a misdemeanor. . . ."

In 1957, the Legislature enacted section 213 of the Health and Safety Code which provided in part as follows: "The State Department of Public Health shall enforce the provisions of Section 383b of the Penal Code. . . . There is hereby appropriated to the Department . . . the sum of twenty thousand dollars ($20,000) . . . ." (Stats. 1957, ch. 2409, p. 4155.) Apparently the provisions of section 383b of the Penal Code had been enforced, from its enactment in 1931 until 1957, by governmental agencies other than the Department of Public Health.

In 1959, the Legislature amended the renumbered section 213 of the Health and Safety Code. The number was changed from 213 to 214.; the provision that the department shall enforce the provisions of section 383b was re-enacted without change; and the appropriation ($20,000) was eliminated. (Stats. 1959, ch 623, p. 2605.)

Pursuant to the 1957 legislation, the board, at the request of the department, created the position of kosher food law representative, requiring the qualification, among others, that such representative be an ordained orthodox rabbi. The duties of the position, as described in the board's specifications, are in substance to inspect markets, delicatessens, and restaurants, which offer kosher products for sale, to assure that such products have been processed and handled in a manner consistent with orthodox Hebrew religious ritual and custom;

and to conduct investigations and gather evidence, for assistance in cases where it is necessary to prosecute persons who have prepared or sold foods in violation of the kosher food law. The department employed petitioner in that position from 1958 to 1965.

In 1965, the department proposed to the Governor that the position of kosher food law representative be eliminated. Representatives of the department advised the Governor, among other things, that enforcement of the kosher food law had been a "difficult one," that the department was "accomplishing little" in its operation, and that enforcement of said law "does not make a major contribution to the purposes and objectives of the Department of Public Health."

The Governor's proposed budget for the fiscal year 1965-1966, with reference to the department, provided in part, under the heading "General Analysis," as follows: "The Kosher Food Inspection Program and the 1 authorized position [kosher food law representative] for this program are not proposed for continuation in the budget year. This program, which is designed for enforcement of Section 383b of the Penal Code, is not considered to be an appropriate public health responsibility. Legislation will be introduced to relieve the Department of Public Health of this responsibility."

Under the heading 'Enforcement of Kosher Food Labeling." the proposed budget provides: "The Department of Public Health has been responsible for enforcement of Section 383b of the Penal Code which prohibits the fraudulent sale or offer of sale of kosher foods. This program is considered to be an inappropriate public health function and is therefore not proposed to be continued in the budget year." Also under that heading, there is a table relating to proposed "reductions" in authorized positions. The words and figures in the table are to the effect that the position of kosher food law representative, and the salary and expenses attendant thereto, are to be eliminated.

The Legislature adopted the proposed budget with reference to eliminating the position of, and salary and expenses for, kosher food law representative.

Several days after the budget was adopted, the department notified petitioner that he was laid-off from his position and that his name had been placed on the departmental re-employment list (Gov. Code, § 19532, et seq.) and on the general re-employment list (Gov. Code, § 19537) for vacancies which might occur in the department, or in other state agencies, for

the position of kosher food law representative. The department also notified petitioner that the layoff was necessary because funds had not been made available in the budget adopted by the Legislature, and that the "layoff procedures" are set forth in sections 19530 to 19538, and sections 19540 to 19541, of the Government Code and certain rules of the board. (Gov. Code, § 19530, provides: "Whenever it is necessary because of lack of work or funds or whenever it is advisable in the interests of economy to reduce the staff of any State agency, the appointing power may lay off employees pursuant to this article and board rule.")

Petitioner then appealed to the personnel board. The board's hearing officer recommended that the appeal should be dismissed because, among other things, the record shows that "the layoff in question resulted from the action of the Legislature in not appropriating funds for this position" and the board "does not have the legal power to require the agency to fill the position in the face of a Legislative determination that the position be eliminated." The board considered the recommendation of the hearing officer and the written briefs filed by the parties, and made a resolution as follows: ". . . the Board hereby determines from the record that the proper procedure was followed in connection with said layoff . . . and that said appeal is hereby dismissed."

Petitioner then filed a petition for a writ of mandate compelling the department and the board to reinstate him in the position, and, as previously stated, the superior court granted the petition.

Appellants contend that the department properly laid off petitioner, and that the court erred in issuing a writ of mandate compelling the department and board to reinstate petitioner.

Title 2, division 5, part 2, of the Government Code (§§ 18500 to 19765) relates to the state civil service. Section 18500 provides in part as follows: "It is the purpose of this part: . . . (c) To provide a comprehensive personnel system for the State civil service, wherein: . . (6) Tenure of civil service employment is subject to good behavior, efficiency, the necessity of the performance of the work, and the appropriation of sufficient funds." Sections 19530 to 19541 relate to layoff and demotion. Section 19530 provides: "Whenever it is necessary because of lack of work or funds or whenever it is advisable in the interests of economy to reduce the staff of

any State agency, the appointing power may lay off employees pursuant to this article and board rule."

In *Stockton* v. *Department of Employment*, 25 Cal.2d 264 [153 P.2d 741], the position of a person employed in the state civil service was abolished, and the department in which he was employed laid him off. He appealed to the State Personnel Board, which determined that "the lay-off was improper" and ordered that he be reinstated. The Supreme Court held (p. 271) that the abolition of a position does not automatically result in lay-off of the employee holding the position, and that the employee is entitled to the benefit of the procedures relating to layoffs as provided in the State Civil Service Act, including the right to appeal to the State Personnel Board. (The department had argued that the abolition of the position effected petitioner's separation from the service as a matter of law.) In the present case, the petitioner was afforded the benefit of the layoff procedures, including his appeal to the board, which determined that "the proper procedure was followed in connection with said layoff."

In *Meyer* v. *Riley*, 2 Cal.2d 39 [38 P.2d 405], an office was created by the Legislature in 1931, and the petitioner was appointed to the office, his salary was fixed, and he performed the duties of the office. In the budget of 1933, no provision was made for payment of his salary, and respondent Controller refused to approve payment of the salary. A writ of mandate was issued compelling the Controller to approve payment of the salary.

In the present case, the position of kosher food law representative was not created by the Legislature. It is to be assumed, of course, that the kosher food law (Pen. Code, § 383b) was enforced for 26 years, from its enactment in 1931 until 1957, by agencies other than the Department of Public Health. In 1957, the Legislature provided that said law shall be enforced by the department. In that legislation, special funds were appropriated for the department, but no office or position was created by the Legislature; and the appropriated funds were eliminated by the Legislature in 1959. In 1958, the State Personnel Board, at the request of the department, created a position of kosher food law representative, whose duties were specified to be inspection and investigation of commercial establishments preparing and selling kosher products to assure that such products were prepared consistent with Hebrew religion and custom. In 1965, after petitioner had been employed in said position approximately seven

years, the department proposed to the Governor that the position be eliminated. The department also prepared its budget for the next fiscal year as required by law (Gov. Code, § 13320), which budget presumably was submitted to the Department of Finance for approval (Gov. Code, § 13320). Thereafter, the Governor submitted to the Legislature a proposed budget which expressly stated an intention to eliminate the position, salary, and expenses attendant thereto. The Legislature adopted the proposed budget and no funds were appropriated for the position. The department then laid off petitioner, and placed his name on unemployment lists, pursuant to the aforementioned sections of the Government Code relating to layoffs; and, when the petitioner appealed to the board, the board determined that ''the proper procedure was followed in connection with said layoff.''

It thus appears that after the Legislature adopted the Governor's proposed budget which specifically recommended elimination of the position, salary, and expenses attendant thereto, the department laid off petitioner pursuant to provisions of the Government Code which authorized layoffs when insufficient funds were appropriated, and the board determined that the layoff was proper. The position had been created by the board, at the request of the department, and had not been created by the Legislature. The purpose of the position appears to have been to provide inspection and investigation as an aid to enforcement of the kosher food law. Said law had been enforced without the aid of such position for 26 years prior to the time the board created the position, and the department presumably will continue enforcement of the law without such aid. Under the circumstances, it cannot be said as a matter of law that the layoff was improper. The court erred in issuing a writ of mandate compelling the department and the board to reinstate petitioner in the position.

The judgment is reversed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied September 20, 1967.